IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. AP-75,094





 

EX PARTE BRUCE D. CARRINGTON, Applicant









ON APPLICATION FOR WRIT OF HABEAS CORPUS 

CAUSE NUMBER 2003-402,456 IN THE 364TH JUDICIAL

DISTRICT COURT LUBBOCK COUNTY





 Per Curiam.



O P I N I O N


 This is an application for a writ of habeas corpus which was transmitted to this Court
by the clerk of the trial court pursuant to the provisions of Texas Code of Criminal
Procedure, Article 11.07. Ex parte Young, 418 S.W.2d 824, 824 (Tex. Crim. App. 1967). 
Applicant was convicted of the offense of aggravated robbery, and punishment was assessed
at 30 years' confinement. Applicant's conviction was affirmed on appeal. Carrington v.
State No. 07-03-0541-CR (Tex. App. -- Amarillo, delivered February 4, 2004, no pet.)

 Applicant contends that he was denied the right to appeal due to counsel's failure to
timely file notice of appeal with the Lubbock County District Clerk. The trial court has
entered findings of fact or conclusions of law finding that relief should be granted because
counsel was ineffective. We agree. Texas Code of Criminal Procedure article 26.04(j)(2)
requires appointed counsel to "represent the defendant until charges are dismissed, the
defendant is acquainted, appeals are exhausted, or the attorney is relieved of his duties or
replaced by other counsel". The duty to perfect an appeal attaches whether counsel is
appointed or retained. See Ex parte Axel, 757 S.W.2d 369 (Tex. Crim. App. 1988). 
Knowing that Applicant wanted to appeal, counsel had the duty to timely file a motion for
new trial or give timely notice of appeal, unless relieved by the trial court or replaced by
other counsel.

 Habeas relief is granted and Applicant is granted an out-of-time appeal from his
conviction in cause number 2003-402,456 from the 364th District Court of Lubbock County. 
The proper remedy in a case such as this is to return Applicant to the point at which he can
give notice of appeal. For purposes of the Texas Rules of Appellate Procedure, all time
limits shall be calculated as if the conviction has been entered on the day that the mandate
of this Court issues. We hold that Applicant, should he desire to prosecute an appeal, must
take affirmative steps to see that notice of appeal is given within thirty days after the mandate
of this Court has issued.


DO NOT PUBLISH

DELIVERED: February 9, 2005